IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAMON E. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3029 |
| | ) | |
| v. | ) | |
| | ) | |
| CPL. AARON R. SCHOEN, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Aaron Schoen's ("Schoen") motion for summary judgment (Filing No. 27). As set forth in this memorandum and order, defendant's motion will be granted.

## I.     BACKGROUND

Plaintiff filed his complaint in this matter on February 10, 2006 (Filing No. 1). Plaintiff was thereafter granted leave to file an amended complaint, which was filed on May 30, 2007, and is the operative complaint in this matter (Filing No. 22.) Plaintiff's amended complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that Schoen violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment (Filing No. 22 at p. 1). Plaintiff also alleges that Schoen violated plaintiff's Fourteenth Amendment right to due process. (*Id.*)

Schoen filed his motion for summary judgment on October 15, 2007 (Filing No. 27). Along with his motion, Schoen also

filed an Index of Evidence and Brief in Support (Filing Nos. 29 and 30).  Plaintiff filed a brief in opposition to Schoen's motion but did not submit any evidence (Filing No. 30).  However, plaintiff previously submitted the Declaration of James Harris (Filing No. 20).

The Federal Rules of Civil Procedure and the Court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit."  NECivR 7.1(b)(2)(C); *see also Stuart v. General Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed. R. Civ. P. 56(e).  Documents which do not meet those requirements cannot be considered.").

In addition, the party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address each numbered paragraph in the movant's statement"

-2-

of facts and must contain pinpoint citations supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*

The Court has carefully reviewed the documents submitted by both parties. While Schoen submitted a statement of material facts in accordance with the Court's rules, plaintiff has not. Further, Schoen submitted evidence which was properly authenticated by affidavit. Plaintiff submitted the Declaration of James Harris, which is not properly authenticated and would not be admissible in evidence, even when construed liberally.[1] In light of this, the Court adopts the following undisputed material facts, which are largely taken from Schoen's submissions.

## II.    RELEVANT UNDISPUTED FACTS

1.    Plaintiff is currently a prisoner incarcerated by the Nebraska Department of Correctional Services ("NDCS") at the Tecumseh State Correctional Institution (Filing No. 22 at p. 1.)

2.    During the period relevant to this action, plaintiff was a prisoner incarcerated by the NDCS at the Diagnostic and Evaluation Center ("DEC") in Lincoln, Nebraska. (*Id.*)

---

[1] Notably, even if the Declaration was submitted in accordance with the rules and considered by the Court, summary judgment in favor of Schoen would still be warranted as set forth below.

3.   During the period relevant to this action, Schoen was a "floor corporal" assigned to plaintiff's housing unit at the DEC (Filing No. 29, Ex. 8, at p. 1).

4.   In December 2005, Schoen conducted searches of plaintiff's cell (Filing No. 29, Ex. 2-6).

5.   After one of the searches, plaintiff reported that Schoen took a plastic spoon out of plaintiff's cell, "dipped" it in the toilet in plaintiff's cell and then placed the spoon on plaintiff's desk (Filing No. 29, Ex. 8, at p. 1).

6.   Schoen denies taking these actions.  (*Id.* at CM/ECF p. 2.)

7.   Schoen has previously dipped inmates' spoons into the toilet, "but only in front of the inmate as a way of keeping the inmate from digging the contraband" out of the garbage. (*Id.*)

8.   Schoen has never dipped plaintiff's spoon into the toilet and placed it on plaintiff's desk.  (*Id.*)

9.   Schoen discontinued his practice of dipping inmates' spoons in toilets after discussions with other staff. (*Id.*)

### III.   ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and

-4-

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.** **Plaintiff's Eighth Amendment Claim**

"The Constitution does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities, are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted). Inmates are entitled to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989); *see also White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (holding a prisoner confined to an allegedly unsanitary cell for eleven days could not prove an Eighth Amendment violation because of the "relative brevity" of his stay). Put another way, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996); *see also Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (stating that even gross negligence is insufficient to prove a violation of the Eighth Amendment).

Moreover, a prisoner asserting a violation of his Eighth Amendment rights, must show "deliberate indifference,"or reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff. *Tucker*, 276 F.3d at 1001. Therefore, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v.*

*Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).  "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind."  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Here, it is undisputed that Schoen sometimes dipped inmates' spoons into their cell toilets and would then throw the spoons into the garbage (Filing No. 29, Ex. 8, at p. 2).  Schoen considered this to be a way of deterring inmates from removing the spoons from the garbage.  (*Id.*)  It is also undisputed that Schoen did not dip plaintiff's spoon in the toilet and place it on plaintiff's desk.  (*Id.*)  There is no evidence that this incident ever occurred.  Therefore, plaintiff has not shown that Schoen took any action at all or that Schoen took any action with the required "culpable state of mind."  *Coleman*, 114 F.3d at 784.

However, even if Schoen had engaged in the conduct complained of by plaintiff, the actions and any resulting deprivation, were so brief that they cannot be considered a violation of plaintiff's Eighth Amendment rights.  Plaintiff states in his brief in opposition, without providing any evidentiary support, that he "watched" Schoen dip plaintiff's spoon in the toilet (Filing No. 30 at p. 4).  Therefore, if plaintiff watched Schoen place plaintiff's spoon in the toilet,

plaintiff knew of Schoen's actions and could have easily avoided the spoon and the desk.  No harm could therefore have resulted from Schoen's activities, even if plaintiff's unsupported version is taken as true.

The undisputed facts show that Schoen did not engage in the activity complained of by plaintiff.  Even if he had, the incident was extremely brief, and any potential harm was avoidable by plaintiff.  Thus, there is no Eighth Amendment violation, and summary judgment in favor of defendant is warranted.

### C. **Plaintiff's Fourteenth Amendment Claim**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).  Further, substantive due process protects prisoners from conduct which "shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citations omitted).  Substantive due process rights are implicated when a

state actor "engages in conduct that is so outrageous that it shocks the conscience or otherwise offends judicial notions of fairness, or is offensive to human dignity." *Id.* (citations and quotations omitted).

Here, plaintiff has not alleged any violations of procedural due process rights. Rather, his claims relate to substantive due process. Again, however, plaintiff has failed to submit any admissible or authenticated evidence that the incident he complains of actually happened. However, even if the incident occurred as plaintiff argues, he has not identified any liberty interest. In addition, even if Schoen dipped plaintiff's spoon into the toilet, plaintiff observed the conduct and could avoid the spoon and the desk until it could be cleaned. Such conduct does not amount to conduct which shocks the conscience or is offensive to human dignity. Plaintiff's Fourteenth Amendment claim must therefore be dismissed as a matter of law.

## IV.     CONCLUSION

As set forth in this memorandum and order, there are no disputed issues of material fact regarding any of the claims made by plaintiff in his complaint. Therefore, the Court will grant summary judgment in favor of defendant Aaron R. Schoen on all

claims.  A separate order will be entered in accordance with this memorandum opinion.

       DATED this 11th day of January, 2008.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court